UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**KIRK WATERS,**

      **Plaintiff,**

    v.

**FEDERAL BUREAU OF
INVESTIGATION, et al.,**

      **Defendants.**

Case No. 11-cv-17
JUDGE GREGORY L. FROST
Magistrate Judge Mark R. Abel

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 5) and Plaintiffs' Response to Order and Change of Address (ECF No. 7). For the reasons that follow, the Court **GRANTS** Defendants' motion.

### I. Background

On December 10, 2010, Plaintiff Kirk Waters filed in the Ohio Supreme Court a Petition for a Writ of Mandamus against the Federal Bureau of Investigation ("FBI") and the Internal Revenue Service ("IRS"). In that petition, Waters claims that the IRS erroneously billed him for taxes owed for tax year 2002, plus fees. He alleges that because he was incarcerated on February 27, 2002, and has remained incarcerated since, it is impossible for him to owe taxes for that year. Waters asserts that he has made several attempts to resolve this dispute with the IRS to no avail. Waters requests a writ that would compel the FBI to investigate with or against the IRS to determine whether an anonymous person has used his social security number during 2002.

On January 7, 2011, Defendants removed this action to this Court pursuant to 28 U.S.C. §

1

1442(a)(1), which permits the United States, its agencies, and its officers to remove civil actions from state courts to federal district court.  (ECF No. 4.)

On January 14, 2011, Defendants filed a motion to dismiss for lack of subject matter jurisdiction.  (ECF No. 5.)  The Court issued an order scheduling the motion for a non-oral hearing.  (ECF No. 6.)  Waters filed a memorandum titled "Plaintiffs' Response to Order and Change of Address," which is in substance a memorandum in opposition to Defendants' motion to dismiss.

## II.  Standard

Defendants have moved for dismissal of this action under Rule 12(b)(1) of the Federal Rules of Civil Procedure.  Because Defendants have mounted only a facial challenge to the allegations made in Plaintiff Waters' petition, not dependent upon facts, the Court applies the same standard applicable to Rule 12(b)(6) motions.  *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990); *Chamber of Commerce v. Ohio Elections Comm'n*, 135 F. Supp. 2d 857, 860 (S.D. Ohio 2001).  To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege facts that state a claim to relief that is plausible on its face.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) (clarifying the plausibility standard articulated in *Twombly*).

## III.  Discussion

Defendants argue that this action should be dismissed for lack of subject matter jurisdiction because there is no waiver of sovereign immunity that makes the federal agency defendants subject to a writ of mandamus from a state court.  This Court agrees.

The derivative jurisdiction doctrine holds that if the state court where an action is filed

lacks subject matter jurisdiction, the federal court, upon removal, also lacks subject matter jurisdiction. *Minnesota v. United States*, 305 U.S. 382, 389 (1939); *Lambert Run Coal Co. v. Baltimore & Ohio R.R. Co.*, 258 U.S. 377, 382 (1922); *Ohio v. Smith*, No. 2:06-cv-1022, 2007 WL 1114252, **1–2 (S.D. Ohio April 12, 2007) (dismissing plaintiff's petition for writ of mandamus initially filed in the Ohio Supreme Court and removed under 28 U.S.C. § 1442). The derivative jurisdiction doctrine is based on the general notion that removal jurisdiction is "purely derivative." *Arizona v. Manypenny*, 451 U.S. 232, 242 (1981).

> In the area of general civil removals, it is well settled that if the state court lacks jurisdiction over the subject matter or the parties, the federal court acquires none upon removal, even though the federal court would have had jurisdiction if the suit had originated there.

*Id.* at 243. In other words, the derivative jurisdiction doctrine applies to cases removed under 28 U.S.C. § 1442 even if the district court would have had jurisdiction if the plaintiff had originally filed his action there.[1] *Minnesota v. United States*, 305 U.S. at 389 ("Where the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none, although in a like suit originally brought in a federal court it would have had jurisdiction.") (citations omitted); *Graber v. Astrue*, 2:07-cv-1254, 2009 WL 728564, * 4 (S.D. Ohio 2009) (sustaining objections to magistrate judge's report and recommendation and dismissing social security claim originally filed in state court and removed under 28 U.S.C. § 1442).

In the instant action, the state court from which this action was removed lacked subject

---

[1] In 1986 Congress abolished the derivative jurisdiction doctrine for cases removed under 28 U.S.C. § 1441. *See* 28 U.S.C. § 1441(f) ("The court to which a civil action is removed under this section is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim."). But the doctrine remains applicable to cases removed under 28 U.S.C. § 1442. *See, e.g. Graber v. Astrue*, 2:07-cv-1254, 2009 WL 728564, * 4 (S.D. Ohio 2009).

matter jurisdiction because the IRS and the FBI are shielded from suit in that court based upon sovereign immunity. In *Gao v. Jenifer*, 185 F.3d 548 (6th Cir. 1999), the Sixth Circuit restated the fundamental principles which are applicable to claims of the United States and its agencies that a lawsuit is prohibited by the doctrine of sovereign immunity:

> "'Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.'" *Department of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 142 L. Ed. 2d 718, 119 S. Ct. 687, 690, (1999) (quoting *FDIC v. Meyer*, 510 U.S. 471, 475, 127 L. Ed. 2d 308, 114 S. Ct. 996 (1994)). "[A] waiver of sovereign immunity is to be strictly construed, in terms of its scope, in favor of the sovereign." *Ibid.* (citing *Lane v. Pena*, 518 U.S. 187, 192, 135 L. Ed. 2d 486, 116 S. Ct. 2092 (1996) and *Library of Congress v. Shaw*, 478 U.S. 310, 318, 92 L. Ed. 2d 250, 106 S. Ct. 2957 (1986)). "Such a waiver must also be 'unequivocally expressed' in the statutory text." *Ibid.* (citing *Lane*, 518 U.S. at 192). Sovereign immunity is jurisdictional in nature. *United States v. Mitchell*, 463 U.S. 206, 212, 77 L. Ed. 2d 580, 103 S. Ct. 2961 (1983).

*Id.* at 554.

Waters fails to identify any waiver of sovereign immunity allowing a state court to force the FBI and IRS to investigate an alleged crime. Even if Waters had filed this action in this Court at the outset, he cannot identify a waiver allowing federal district court jurisdiction over such discretionary decisions of an agency. *See* 5 U.S.C. § 701(a)(2) (exception to Administrative Procedure Act's (5 U.S.C. §§ 501 *et seq.*), general waiver of sovereign immunity for actions in district court where "agency action is committed to agency discretion by law"); *Heckler v. Chaney*, 470 U.S. 821, 831–32 (1985) (presumption that the Food and Drug Administration's decisions not to institute enforcement proceedings are unreviewable under 5 U.S.C. § 701(a)(2) is not overcome by enforcement provisions of Federal Food, Drug, and Cosmetic Act (21 U.S.C, §§ 301 *et seq.*) which commit complete discretion to Secretary to decide how and when they should be exercised); *see also United States ex rel. Tyler v. United*

*States Attorney*, 2007 WL 3028420, at * 2 (D. Neb. October 16, 2007) ("Deciding whether, when, and to what extent, the government should investigate and pursue criminal charges for collection of taxes is clearly within the investigatory and prosecutorial discretion of the defendant agencies."). A writ of mandamus cannot be issued to control the exercise of agency discretion. *See Otero v. U.S. Atty. Gen.*, 832 F.2d 141 (11th Cir.1987) (holding that writ of mandamus could not issue to compel investigation and prosecution of former Florida state attorney); *Gant v. F.B.I.*, 992 F. Supp. 846 (S.D. W. Va.1998) (concluding that no writ of mandamus will issue to compel FBI to perform discretionary responsibilities of investigating criminal violations).

Moreover, Congress has established a detailed jurisdictional scheme for adjudicating federal tax disputes that does not include a waiver of sovereign immunity making the IRS subject to suit in state court over tax disputes. A taxpayer can contest in Tax Court the IRS's proposed assessment through the "deficiency procedures" of 26 U.S.C. § 6211, *et seq.* There is also a limited waiver of sovereign immunity found in 26 U.S.C. § 7422(f)(1), which authorizes a civil action for a tax refund when the petitioner has paid the tax and then filed a claim for a refund. In other words, the taxpayer may either (1) file a petition in the Tax Court challenging the deficiency, or (2) pay the tax, apply for a refund credit and, if the refund is not allowed, sue in a federal district court to recover the alleged overpayment. *See Boynton v.United States*, 566 F.2d 50, 52-53 (9th Cir.1977); *Firsdon v. United States*, 95 F.3d 444, 446 (6th Cir. 1996) ("A refund claim with the I.R.S. is a jurisdictional prerequisite to a refund action in federal district court."). Waters fails to allege that he has met the antecedent conditions necessary to invoke federal district court jurisdiction.

Accordingly, the Court concludes that the Ohio Supreme Court lacked jurisdiction over this action, and consequently, this Court lacks jurisdiction over this action. The Court further concludes that even if Waters had originally filed this claim in this Court, subject matter jurisdiction would still be lacking over this action.

## IV.  Conclusion

Based on the foregoing, the Court **GRANTS** Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction.  (ECF No. 5.)  The Clerk is **DIRECTED** to **ENTER JUDGMENT** accordingly.

**IT IS SO ORDERED.**

/s/ Gregory L. Frost
**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**